1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                        FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11  | VICTOR HUGO RAUDA MOLINA,           No. 1:26-cv-01644-DJC-JDP
12  |              Petitioner,
13  | v.                                   ORDER
14  | CHRISTOPHER CHESTNUT, et al.,
15  |              Respondents.
16

17       Petitioner Victor Hugo Rauda Molina is an immigration detainee proceeding
18  with a Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary
19  Restraining Order (ECF No. 2). The Court has previously addressed the legal issues
20  raised in Counts 2 and 3 of the Petition. *See Morillo v. Albarran*, No. 1:25-cv-01533-
21  DJC-AC, 2025 WL 3190899 (E.D. Cal. Nov. 15, 2025); *see also E.L.D.M. v. Becerra*, No.
22  1:25-cv-01906-DJC-JDP, 2025 WL 3707140 (E.D. Cal. Dec. 22, 2025).
23       The Court informed the parties that it intended to rule directly on the petition
24  and ordered Respondents to show cause as to whether there are any factual or legal
25  issues in this case that distinguish it from the Court's prior orders. (ECF No. 4.)
26  "Respondents submit there are no significant factual or legal issues in this case that
27  materially distinguish it from the cases identified in the Order." (ECF No. 7 at 1.)
28  Neither party objected to the Court ruling directly on the merits of the petition.

      Accordingly, as Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions cited above, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Counts 2 and 3, for the reasons stated in those prior orders.[1]

      Respondents are ORDERED to immediately release Petitioner Victor Hugo Rauda Molina from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

      The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

      IT IS SO ORDERED.

Dated: **March 6, 2026**

*Daniel J. Calabretta*
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.